CARNEGIE-ILLINOIS STEEL CORPORATION *v.* ROBINSON.

[No. 17,333. Filed January 29, 1945.]

*Knapp, Cushing, Hershberger* and *Stevenson,* of Chicago, Ill., *White, Wright & Boleman* and *Harlan L. Hackbert,* all of Indianapolis, for appellant.

*Benjamin F. Wilson* and *Winston T. McGehee,* both of Gary, for appellee.

FLANAGAN, J.—This is an appeal from an award of the Industrial Board which granted compensation to appellee as the surviving dependent husband of Sarah Robinson who died as a result of an industrial accident. The sole question involved is whether there is evidence to sustain the finding of the board that appellee was neither physically nor financially able to support himself at the time of decedent's death.

The statute, §40-1403, Burns' 1940 Replacement, §16414, Baldwin's 1934, provides that a husband who is both physically and financially incapable of self-support shall be conclusively presumed to be dependent upon his wife with whom he is living at the time of her death.

The pertinent facts, supported by the evidence most favorable to appellee, are as follows:

For 12 years prior to May, 1942, appellee worked at a tin mill. On January 17, 1939, his rate of pay was $60 to $65 every two weeks. In 1935, he developed a gastric ulcer which prevented him from working steadily. On several occasions he had to be taken to the company hospital. Finally, in May, 1942, he was laid off because of ill health. The evidence is silent as to the amount of time he worked during this period and as to his earnings. It is also silent as to his rate of pay except as to January 17, 1939, the date when he married the decedent. After being laid off by the tin mill he did not work for about three months. Then he obtained another job and worked for approximately two months, earning about $190. He then collapsed on the

job as a result of his ulcerous condition and was taken to a hospital. There he underwent an operation for hernia and appendicitis. He was in the hospital for a period of from one to two months. From the time he left the hospital until March, 1943, he worked three weeks at one place and irregularly at another, earning $18 per week at the first place and $12 per week at the other. In March, 1943, he went to work at the Tubular Alloy Steel Corporation at a rate of pay which was around $6 per day. His total earnings for the year 1943 were about $1770. On February 29, 1944, he quit because of illness. From that time to the date of the hearing in this case, May 23, 1944, he worked one week, earning $30. At the time of the hearing he was unable to work. During the time he worked at the Tubular Company he complained to his foreman daily that he was sick but he was not discharged or sent to a hospital and he was permitted to continue working.

On January 17, 1939, appellee married the decedent. At that time she was working and she continued to work until the time of her death. From January 17, 1939, to July 1, 1943, she earned from $18 to $25 per week. From July 1, 1943, to March 30, 1944, the date of her death, her average weekly wage was $49. During their married life appellee gave his pay to decedent and she paid their bills from the fund made up of their combined earnings.

In 1937, appellee consulted a private physician who continued to treat him off and on until the time of the hearing in this case. The treatment consisted of a restricted diet and intravenous treatments. He consulted the physician and took the treatments irregularly but whenever he felt he could afford to. His physician testified that gastric ulcer is more or less a chronic

affair which causes a general weakening, the extent of which is dependent upon how far the ulcer has developed and how much it interferes with the ability to digest and assimilate food; that the ability to work of one suffering from it depends upon whether he is able to build up his strength by assimilating food, and so long as he has the proper diet and can assimilate food, he should have sufficient strength to carry on the ordinary work of a laboring man. It was his opinion that in January or February, 1944, appellee was in better condition than he had been in 1942 and 1943, but that it was worse at the time of the hearing and at that time he was not able to work. The doctor attributed this set-back to the death of the wife.

Appellee testified that since 1937 he has been unable to earn enough money to support himself and that after his marriage he depended on his wife for support, but these statements cannot be considered by us as substantial evidence where clear undisputed facts admit of nothing but an opposite conclusion.

It clearly appears that appellee's financial resources are limited to what he earns. The factual question presented therefore is whether he was physically able to support himself at the time of his wife's death. We do not understand that this means a mere temporary disability to work at the moment of death. The evidence in this case is silent as to whether appellee's condition at the time of his wife's injury and immediately prior thereto was merely temporary. The ends of justice will be best served if evidence is heard on that subject.

The finding and award is set aside and this cause is remanded with instructions to hear additional evidence on the question as to whether or not appellee's

condition at the time of his wife's injury was temporary, and for further proceedings.

NOTE.—Reported in 58 N. E. (2d) 937.